**PACER SPORT AND CYCLE, INC., Plaintiff and Respondent,**

**v.**

**Frank MYERS and Carl W. Myers, Defendants and Appellants.**

**No. 13839.**

Supreme Court of Utah.

April 14, 1975.

E. H. Fankhauser, of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for defendants-appellant.

Robert M. McDonald, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

This is an appeal by Carl W. Myers from the refusal of the court to set aside a judgment taken by default against him.

It appears that Frank Myers entered into some sort of a contract with the plaintiff for the purchase of a racing motorcycle and that his father, Carl W. Myers, co-signed the promise to pay. Payment was not made, and since neither Frank nor the motorcycle could be located, the attorney

for plaintiff wrote Carl requesting payment. In reply to the letter, Carl phoned the attorney stating that it was not his debt, that he only signed for the purpose of obtaining credit for his son Frank, and that he would not pay since Frank got all the benefits of the transaction. The attorney advised him that he was obligated to pay.

Thereafter an action was commenced and summons served personally upon Carl, who called the attorney again stating that it was of no concern to him; that Frank was in California and plaintiff would have to wait until Frank returned. The lawyer again told Carl that regardless of his feeling on the matter, he was liable, and unless he filed an answer, a default judgment would be taken against him. The attorney also told Carl to verify the statement with his own attorney and respond to the complaint. Carl ignored the advice and did nothing.

The plaintiff undertook to find Frank and the motorcycle but was unable to do so and finally took a default judgment against Carl.

Carl then moved to set aside the default judgment and stated in his affidavit of

excusable neglect that he told plaintiff's counsel that the son was the one who should have been sued and that the default judgment was not taken until one year after the action was commenced. He also claimed that he assumed the action had been taken care of and therefore took no steps to file an answer to the complaint.

None of these claims even approaches "excusable neglect" as required under Rule 60(b), U.R.C.P., in order to be relieved from a default judgment.

■ The trial court has a discretion in determining whether or not a default judgment should be set aside, and we, on appeal, should not reverse its ruling except for abuse of discretion, to wit, that it is arbitrary, capricious, or not based on adequate findings of fact or on the law.

■ We do not think the trial court abused its discretion in this matter and, therefore, affirm the ruling made. The respondent is awarded costs.

HENRIOD, C. J., and TUCKETT, CROCKETT and MAUGHAN, JJ., concur.