Stanley MAY, Plaintiff and Respondent,

v.

Tim THOMPSON, Defendant
and Appellant.

No. 17958.

Supreme Court of Utah.

Jan. 20, 1984.

Frank N. Karras, Salt Lake City, for defendant and appellant.

Craig S. Cook, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This matter is before us on a claim that the lower court erred in denying the defendant's motion to vacate a judgment entered by default. The case concerns damages for injuries suffered by the plaintiff, age 14. Defendant, age 18, had intervened in a fight between his younger brother and plaintiff. The evidence reflected the infliction of injuries, including a broken nose, when defendant had administered a severe beating to the plaintiff.

Up to the time of the default judgment, defendant was not represented by counsel. He was being advised and assisted over a protracted negotiation for settlement by an insurance adjuster. This was reflected in plaintiff's acknowledgment that a copy of the complaint was sent to the adjuster and that he had met with him.

A summons was served on defendant on May 11, 1981. It required defendant to file with the clerk of the court an answer to a complaint that was to be filed by the plaintiff. Defendant was required to serve upon plaintiff's attorney a copy of his answer within 20 days after service of summons, failing which, default judgment would be taken for the relief prayed in the complaint. The complaint was filed with the clerk on the tenth and last day after service of summons.

The summons also said that if not served by mail or otherwise, a copy of the complaint would be deposited (not "filed") with the clerk and "you may there obtain a copy." This clearly was a commitment not only to file the original complaint, but to leave a copy with the clerk for delivery to the defendant. The record is compelling and undisputed that no such copy was deposited. The clerk's personnel stated that

no such complaint had been deposited, as did defendant counsel's aide, who inquired after defendant had employed counsel.

The return on the copy of the summons served clearly showed that a copy of the complaint had not been served on defendant. This was later contradicted, however, in another return filed by the plaintiff on June 11, 1981, and dated May 14, 1981, 3 days after the first "return." The second return was identical to the first, except it stated that a copy of the complaint had been served with the summons.

On June 18, 1981, plaintiff filed a "Notice of Default Hearing," stating that testimony would be taken on June 23, 1981. Concededly, the notice was served on the clerk only, and not on defendant. The notice was not mailed to anyone, including the insurance adjuster, to whose address plaintiff claimed he had mailed a copy of the complaint. Defendant denied receiving the copy of the complaint or notice of hearing in an affidavit dated June 3, 1981, attached to his motion to vacate the judgment. Defendant's motion was filed shortly after the entry of the judgment and employment of counsel.

As indicated *supra*, this certificate of mailing was filed on June 11, 1981, without any explanation for the delay in filing after the May 14, 1981 mailing date. The certificate of mailing actually was filed June 11, 1981, after the defendant, under oath, had said he received no copy of the complaint and after counsel's aide unsuccessfully sought a copy from the clerk, whose personnel insisted no such copy had been deposited. Had it been deposited on time, there would have been no need to mail it, and had it been mailed, there would have been no reason to deposit it.

The defendant was but 18 and was without counsel until after judgment. His sole adviser was the insurance adjuster negotiating for settlement—presumably in the interest of the insurer. No default had been taken against him. When default was entered, defendant employed legal counsel,

who filed the motion to vacate within a reasonable time after judgment.

The technical procedure incident to this case and the contradictions engendered in the service of process, accompanied by deadline filings, inconsistent returns, failure to deposit a copy of the complaint, controverted mailing of copy, efforts to reach a prelitigation settlement, the immediacy in seeking relief from default and reliance on guidance by the insurance adjuster all suggest justice in granting relief from a default. The history of this case may have led the trial judge at the default hearing to inquire of plaintiff's counsel: "Why did you file two returns of service?" Receiving less than a compelling response, the judge again inquired: "You are sure this defendant was served? I can't imagine him letting this by him."

■ We are not unmindful of the principle of reserving determination of a motion to vacate to the sound discretion of the trial court. On appeal, we should not reverse the trial court's determination unless it is arbitrary, capricious or not based on adequate findings of fact or on the law.[1]

■ We are aware also of a principle that if default is issued when a party genuinely is mistaken to a point where, absent such mistake, default would not have occurred, the equity side of the court would grant relief. Such principle is codified in such Rules as 60(b), Utah R.Civ.P., reflecting that which is inherent in the judicial process. The instant case presents facts warranting application of such principle. Viewing the circumstances in this case in equity, we are of the opinion that the ends of justice require an opportunity for the defendant to have his day in court.

It is difficult to point to authorities that are factually similar to the instant case. Our own recent case appears to be more nearly apposite than any cited by the plaintiff. In *Helgesen v. Inyangumia*, Utah, 636 P.2d 1079 (1981), the parties had been negotiating for settlement. We held that courtesy and equity required that where

1. *Pacer Sport and Cycle, Inc. v. Myers*, Utah, 534   P.2d 616 (1975).

defendant had not yet filed an answer and believed his adversary would tell him when he would ask for judgment and defendant was not so advised, the defendant should not be precluded from filing an answer because of such default.

Under the circumstances here the defendant sought relief within a brief and reasonable time after judgment. In equity and good conscience, we believe such relief should have been granted. The case is therefore remanded with instructions to vacate the judgment and permit an answer.