*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2013 UT 27**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

METROPOLITAN WATER DISTRICT OF SALT LAKE and SANDY
*Plaintiff and Appellee,*

*v.*

ZDENEK SORF,
*Defendant and Appellant.*

No. 20110443
Filed May 10, 2012

Third District, Salt Lake
The Honorable Joseph D. Fratto, Jr.
No. 100921025

Attorneys:

Shawn E. Draney, Scott H. Martin, David F. Mull,
Salt Lake City, for appellee

Paul M. Belnap, Bradley Wm. Bowen, Jennifer R. Carrizal,
Salt Lake City, for appellant

JUSTICE PARRISH authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE DURHAM, and JUSTICE LEE joined.

JUSTICE PARRISH, opinion of the Court:

## INTRODUCTION

¶1      Petitioner Zdenek Sorf appeals the denial of his motion
to set aside a default judgment.  The district court entered a default
judgment against Mr. Sorf, awarding the Metropolitan Water District
of Salt Lake and Sandy (District) certain rights over Mr. Sorf's
residential property and enjoining him from making further
improvements to his backyard.  The district court denied Mr. Sorf's
motion to set aside the default judgment, holding that Mr. Sorf had
been properly served and that he had not proffered a meritorious
defense.  We hold that the district court abused its discretion when
it refused to set aside the default judgment without determining
whether Mr. Sorf knew that he had been served and was required to

file an answer. We also conclude that Mr. Sorf alleged a meritorious defense. Accordingly, we vacate the district court's denial of Mr. Sorf's motion to set aside the default judgment and remand the case for further proceedings consistent with this opinion.

## BACKGROUND[1]

¶2      This dispute arises from an aqueduct and an easement that cross Mr. Sorf's residential property in Sandy, Utah. The District currently holds multiple easements on parcels of private property in Salt Lake County for the purpose of maintaining the Salt Lake Aqueduct (Aqueduct), a water delivery pipeline that provides much of the county's water. The approximately 120-foot-wide appurtenant easement at issue in this case (Easement) runs across Mr. Sorf's residential lot.[2] The District alleges that the terms of the Easement provide it with certain rights over Mr. Sorf's property.

¶3      In March 2009, Mr. Sorf began making improvements to his backyard. Mr. Sorf removed several large trees, rocks, and brush. Mr. Sorf also graded dirt, added a hot tub, gazebo, water feature, cinder block wall, rock sidewalk, fence, garden boxes, a shed, and a concrete pad. The parties communicated sporadically regarding Mr. Sorf's improvements from April 2009 until June 2010.[3] Mr. Sorf maintains that these improvements are not directly over the Aqueduct, and that he complied with many of the District's instructions regarding his improvements. The District contends that these improvements constitute a risk to the Aqueduct and obstruct its access to the Easement.

¶4      On October 28, 2010, the District filed a complaint against Mr. Sorf. The District sought a declaratory judgment regarding its rights under the Easement, as well as injunctive relief requiring Mr. Sorf to remove the existing improvements and enjoining him from making any additional improvements.

---

[1] The parties contest many of the events surrounding this dispute. Therefore, we recite the facts only as they are alleged.

[2] The Easement originated in 1946 and has changed ownership several times since its creation.

[3] The parties provide conflicting reports regarding how often they were in contact, how responsive Mr. Sorf was to the District's concerns, and precisely what the District instructed Mr. Sorf to do with respect to his improvements.

¶5 That same day, the District attempted to serve the summons and complaint on Mr. Sorf at his residence through a private process server. An adult woman answered the door and represented herself as Mr. Sorf's wife.[4] The process server asked if Mr. Sorf was home, and when the woman indicated he was not, the process server attempted to hand the complaint to her, announcing that he was serving her with process on Mr. Sorf's behalf. When the woman refused to accept the complaint, the process server dropped the papers on the floor inside the front door. The woman closed the door but then reopened it. She said that she refused to accept the complaint, picked up the papers and threw them into the driveway. When the process server left Mr. Sorf's residence, the summons and complaint remained in the driveway.

¶6 Mr. Sorf maintains that he never received a copy of the summons and complaint left in the driveway. But shortly after the attempt to serve the complaint at his residence, Mr. Sorf received a letter from the District referencing an attached complaint and urging Mr. Sorf to contact the District to discuss a possible settlement.[5] Mr. Sorf asserts that the "letter led [him] to believe that [the District] would not file a lawsuit against [him] if [they] were able to reach an amicable resolution to the dispute." Despite the letter's reference to an attached complaint, Mr. Sorf asserts that no complaint was attached and he never received a copy of the complaint.

¶7 After receiving the District's letter, Mr. Sorf called counsel for the District. During this call, both parties agree that the District's attorney encouraged Mr. Sorf to call the District directly in an attempt to negotiate a settlement of the dispute. Counsel provided Mr. Sorf with the names and phone numbers of two District representatives. The District's counsel maintains that he informed Mr. Sorf during this phone call that the District would be

---

[4] At a motion hearing before the district court, the court determined that the woman who answered the door was not Mr. Sorf's wife, but instead was his long-term, live-in girlfriend.

[5] It appears that the letter was intended to be served with the complaint. The record is unclear as to exactly how and when Mr. Sorf received the letter. Mr. Sorf has indicated he received the letter in early November. He also indicates he believes it "came in the mail." However, the District maintains it never sent the letter via mail, but instead that it was attached to the complaint served on October 28, 2010.

requesting a default certificate. But Mr. Sorf contends that he did not understand the significance of a "default certificate," and that he believed the District would refrain from pursuing legal action unless they were unable to reach an amicable settlement.

¶8 After this conversation, Mr. Sorf claims that he attempted to call the District to discuss settlement, but that the District representatives did not answer or return his calls. The District asserts that its phone records reflect no phone calls from Mr. Sorf during December 2010 or January 2011.

¶9 In December, the District moved for default judgment against Mr. Sorf on grounds that he had failed to answer the complaint dated October 28, 2010. The district court granted the motion and entered default judgment against Mr. Sorf on December 16, 2010. Mr. Sorf was personally served with notice of default judgment on December 23, 2010. Upon receiving the notice, Mr. Sorf obtained counsel. Mr. Sorf maintains that it was only after he retained counsel that he first saw the District's complaint and understood that a default judgment had been entered against him. Shortly thereafter, Mr. Sorf moved to set aside the default judgment under rule 60(b) of the Utah Rules of Civil Procedure, claiming that he had failed to file an answer due to mistake, inadvertence, surprise, or excusable neglect.

¶10 The district court denied Mr. Sorf's motion, reasoning that Mr. Sorf had been properly served with the complaint and therefore had not proven excusable neglect, mistake, or inadvertence. The court's written order also concluded that Mr. Sorf had not alleged a meritorious defense. Mr. Sorf then petitioned for leave to file a counterclaim pursuant to rule 13(d) of the Utah Rules of Civil Procedure. The district court also denied this motion, reasoning it could not grant leave to file a counterclaim without reopening the judgment. Mr. Sorf filed a timely notice of appeal. We have jurisdiction under section 78A-3-102(3)(j) of the Utah Code.

## STANDARD OF REVIEW

¶11 On appeal, we must decide two issues. First, we must determine whether the district court correctly determined that Mr. Sorf did not establish mistake, inadvertence, surprise, or excusable neglect under rule 60(b)(1) of the Utah Rules of Civil Procedure. Second, we must decide whether Mr. Sorf alleged a meritorious defense.

¶12 With respect to the first issue, a district court has broad

discretion in ruling on a motion to set aside an order or judgment under rule 60(b), and "[t]hus, we review a district court's denial of a 60(b) motion under an abuse of discretion standard." *Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480. But "the court's discretion is not unlimited." *Lund v. Brown*, 2000 UT 75, ¶ 11, 11 P.3d 277. A district court's "discretion should be exercised in furtherance of justice and should incline towards granting relief in a doubtful case to the end that the party may have a hearing" on the merits of his case. *Id.* ¶ 10 (internal quotation marks omitted). For instance, "if default is issued when a party genuinely is mistaken to a point where, absent such mistake, default would not have occurred, the equity side of the court . . . [should] grant relief." *Id.* (alterations in original) (internal quotation marks omitted). Based on the equitable nature of the rule, "it is quite uniformly regarded as an abuse of discretion to refuse to vacate a default judgment where there is reasonable justification or excuse for the defendant's failure to appear, and timely application is made to set it aside." *Id.* ¶ 11 (internal quotation marks omitted).

¶13　With respect to the second issue, "we review . . . the [district] court's determination of whether a defense is meritorious" for correctness. *Id.* ¶ 12.

**ANALYSIS**

**I. THE DISTRICT COURT ABUSED ITS DISCRETION
BY DENYING MR. SORF'S MOTION TO SET ASIDE
THE DEFAULT JUDGMENT**

¶14　A movant is entitled to have a default judgment set aside if "(1) the motion is timely; (2) there is a basis for granting relief under one of the subsections of 60(b); and (3) the movant has alleged a meritorious defense." *Menzies v. Galetka*, 2006 UT 81, ¶ 64, 150 P.3d 480. In this case, timeliness was not at issue.[6] The district court denied Mr. Sorf's 60(b) motion on the basis that Mr. Sorf did not qualify for relief under 60(b) because he had been properly served with process and did not have a meritorious defense. We conclude that the district court abused its discretion in denying Mr. Sorf's rule 60(b) motion for two reasons. First, the relevant inquiry was not whether Mr. Sorf had been properly served, but rather whether Mr.

---

[6] Indeed, the default judgment was entered on December 13, 2010, and Mr. Sorf filed his motion to set it aside on January 28, 2011, well within the three-month period allowed under rule 60(b). *See* UTAH R. CIV. P. 60(b).

Sorf's failure to respond was due to his mistake, inadvertence, surprise, or excusable neglect. Second, we find as a matter of law that Mr. Sorf did raise a meritorious defense.

### *A. Mr. Sorf May Have Had a Reasonable Mistaken Belief Under Rule 60(b)(1)*

¶15    Rule 60(b)(1) provides that a "court may in the furtherance of justice relieve a party . . . from a final judgment, order, or proceeding [because of] . . . mistake, inadvertence, surprise, or excusable neglect." UTAH R. CIV. P. 60(b)(1). Mr. Sorf argues that he did not know that the complaint had actually been filed against him or that he had an obligation to file a responsive pleading. And he argues that he was surprised by the entry of the default judgment because of the District's representations that they were interested in reaching an amicable resolution through settlement. He contends that he qualified for relief under rule 60(b) and that the district court abused its discretion in denying his motion to set aside the default judgment. We agree that Mr. Sorf may have qualified for relief under rule 60(b) and remand to the district court for factual findings as to this issue.

¶16    In the hearing denying Mr. Sorf's motion to set aside the default judgment, the district court first stated, "[w]hat's been offered here as excusable neglect . . . is fairly characterized as Mr. Sorf was not aware of the complaint." However, the district court then ruled that "the law is fairly clear that [when the rule for perfecting service is complied with, that] is not excusable neglect." This conflated the concept of proper service of process with the concept of mistake. Specifically, the district court conflated the provisions of rule 60(b)(1), which refers to instances of "mistake, inadvertence, surprise, or excusable neglect" with the provisions of rule 60(b)(4), which refers to instances where a judgment is void for a failure of service of process. *See, e.g.*, UTAH R. CIV. P. 60(b)(1), (4); *Garcia v. Garcia*, 712 P.2d 288, 290–91 (Utah 1986) (recognizing that an allegation that a default judgment is void for failure of service of process is pled under rule 60(b)(4)).

¶17    Service of process was adequate in this case because the process server left the complaint with an adult of reasonable age and discretion who resided at Mr. Sorf's residence.[7] But the fact that

---

[7] Rule 4 of the Utah Rules of Civil Procedure states that personal service may be made "[u]pon any individual . . . by delivering a

(continued...)

service of process was proper does not end the inquiry because Mr. Sorf could have still been mistaken about whether he had been served or was obligated to file an answer.

¶18    As we have previously held, "if default is issued when a party genuinely is mistaken to a point where, absent such mistake, default would not have occurred, the equity side of the court would grant relief." *May v. Thompson*, 677 P.2d 1109, 1110 (Utah 1984) (per curiam). This is in accordance with the intent of rule 60(b) to ensure that parties are afforded "a full opportunity to present their evidence and contentions as to disputed issues so [that cases] may be disposed of on substantial rather than upon technical grounds." *McKean v. Mountain View Mem'l Estates, Inc.*, 411 P.2d 129, 130 (Utah 1966).

¶19    Here, the district court refused to set aside the default judgment based on its conclusion that Mr. Sorf had been properly served with process. But the district court did not make any factual findings with respect to Mr. Sorf's claim under rule 60(b)(1) that the default was the result of mistake, inadvertence, surprise, or excusable neglect, and Mr. Sorf's claim in this regard was sufficient to raise a factual dispute as to the reason he failed to file a timely response to the complaint.

¶20    When the process server arrived at Mr. Sorf's home, a woman who represented herself as Mr. Sorf's wife answered the door and told the process server that Mr. Sorf was not home. The process server announced that he was serving her on behalf of Mr.

---

[7](...continued)
copy of the summons and the complaint to the individual personally, or by leaving a copy at the individual's dwelling house or usual place of abode with some person of suitable age and discretion there residing." UTAH R. CIV. P. 4(d)(1)(A). And "[i]f the person to be served refuses to accept a copy of the process, service shall be sufficient if the [process server] shall state the name of the process and offer to deliver a copy thereof." UTAH R. CIV. P. 4(d)(1). At the motion hearing, the district court determined that the woman served by the process server was a person of suitable age and discretion residing at Mr. Sorf's home. Therefore, the process server provided proper service of process by explaining that he was serving the woman who answered the door with the summons and complaint on behalf of Mr. Sorf and by leaving a copy of the complaint and summons.

Sorf and attempted to hand her the summons and complaint, but she refused to accept the papers. When the woman refused to take the complaint, the process server left the papers on the floor inside the door of Mr. Sorf's home and walked away. According to the process server's signed affidavit, the woman slammed the door, reopened it, picked up the papers and threw the summons and complaint at him. The papers landed in the driveway. Mr. Sorf was not at home when the complaint was served, and when he arrived home the complaint was no longer there.

¶21    Shortly after the District's attempt to serve Mr. Sorf at his residence, Mr. Sorf received a letter from the District dated October 28, 2010. The letter stated

> Dear Mr. Sorf:
> Please find enclosed a Summons and Complaint in the above-referenced matter. While we have commenced this lawsuit, [the District] remains willing to discuss this matter with you in hopes of an amicable resolution.
> Please contact the undersigned if you wish.
> [Counsel for the District]

Mr. Sorf's affidavit states that this "letter led [him] to believe that [the District] would not file a lawsuit against [him] if [they] were able to reach an amicable resolution to the dispute." And while the letter referenced a filed summons and complaint, Mr. Sorf asserts that nothing was attached to the letter. Thus, while the letter asserts that the District had commenced the lawsuit, the fact that no complaint or summons was attached was consistent with Mr. Sorf's mistaken belief that, even if the District had attempted to initiate a lawsuit, litigation could not have actually commenced since he had not been personally served.

¶22    The letter and Mr. Sorf's subsequent conversation with counsel for the District suggested that the District was willing to work out a settlement even though a complaint had been filed. After receiving the letter, Mr. Sorf called counsel for the District. During this phone call, the District's attorney suggested that Mr. Sorf call the District directly in an attempt to work out a settlement. The District's attorney made this invitation even though the twenty-day period to file an answer had already expired.[8]

---

[8] The District's attorney also asserts that he informed Mr. Sorf
(continued...)

¶23 These claims are certainly sufficient to raise the possibility that Mr. Sorf's failure to timely respond to the complaint was the result of mistake, inadvertence, surprise, or excusable neglect. Because the district court did not make any factual findings regarding these issues, it erred. We therefore vacate the district court's order refusing to set aside the default judgment and remand this matter to the district court for a factual determination on this issue.

### B. Mr. Sorf Has Alleged a Meritorious Defense

¶24 The district court also denied Mr. Sorf's rule 60(b) motion on the basis that "those defenses proffered by [Mr. Sorf] . . . [were] not meritorious as a matter of law."[9] We disagree. "We have [previously] held that relief from judgment requires a showing of a meritorious defense to a claim." *Lund v. Brown*, 2000 UT 75, ¶ 28, 11 P.3d 277. But this is a low bar, and "a party need not actually prove its proposed defenses to meet this standard." *Id.* ¶ 29. "The proffer

---

[8](...continued)
during this phone call that he would be seeking a "default certificate." Even so, the attorney's representation to Mr. Sorf that he could still pursue settlement with the District perpetuated Mr. Sorf's belief that no final judgment would be entered unless he was unable to reach an agreement with the District. Additionally, Mr. Sorf maintains that he did not understand the significance of a "default certificate," and believed that a court could not issue an order over him until he had been personally served with a complaint.

[9] The district court's conclusions on this issue were inconsistent. Initially, at the May 8, 2011 hearing, the district court noted that "I don't see that there's a meritorious defense." But during the May 12, 2011 hearing, the district court stated that, while it had previously opined on the meritoriousness of Mr. Sorf's defenses, it had not concluded "that [Mr. Sorf's proposed defenses] were frivolous defenses, so . . . the merits of the matter have not been determined." Then in its final, written order, the district court concluded that Mr. Sorf's proposed defenses were "not meritorious as a matter of law." The district court appeared to apply the correct standard during the May 12 hearing when it evaluated whether Mr. Sorf's proposed defenses were "frivolous on their face." *See Lund v. Brown*, 2000 UT 75, ¶ 29, 11 P.3d 277. But the district court's final, written conclusion that Mr. Sorf's defenses were not meritorious as a matter of law was erroneous.

of a meritorious defense under rule 60(b) is subject to a liberal pleading standard analogous to that prescribed under rule 8, which requires only that a party state the basis for its claims or defenses 'in short and plain terms.'" *Judson v. Wheeler RV Las Vegas, L.L.C.*, 2012 UT 6, ¶ 23, 270 P.3d 456 (quoting UTAH R. CIV. P. 8). Indeed, the purpose of the rule "is simply to prevent the necessity of treating defenses that are frivolous on their face." *Lund*, 2000 UT 75, ¶ 29. "Thus, where a party presents a clear and specific proffer of a defense that, if proven, would preclude total or partial recovery by the claimant . . . , it has adequately shown a nonfrivolous and meritorious defense for the purposes of its motion to set aside a default judgment." *Id.* Mr. Sorf's proposed defenses meet this standard.

¶25 In its complaint, the District alleges that the Easement's restrictions and regulations enable it to require Mr. Sorf to remove his improvements and to enjoin him from making further improvements to his backyard. Mr. Sorf's proposed answer directly refutes these claims. Specifically, Mr. Sorf contends that the District's regulations exceed the express language of the Easement, the District has at least partially abandoned the Easement, and that the doctrine of equitable estoppel precludes the District from asserting certain rights under the Easement. These defenses, if proven, would preclude total or partial recovery by the District. Therefore, Mr. Sorf has proven that he has a meritorious defense sufficient to satisfy rule 60(b).[10]

## CONCLUSION

¶26 Mr. Sorf may have had a reasonable mistaken belief that entitled him to relief under rule 60(b)(1) of the Utah Rules of Civil Procedure and he proffered a meritorious defense. We therefore vacate the district court's denial of Mr. Sorf's motion to set aside the default judgment and remand for determination of whether Mr. Sorf's failure to respond to the complaint was the result of mistake, inadvertence, surprise, or excusable neglect.

---

[10] Mr. Sorf also argues the district court erred when it denied his leave to file a counterclaim. Because we vacate the district court's denial of Mr. Sorf's motion to set aside the default judgment and remand the case for further proceedings, we do not address this issue. In the event the default is set aside on remand, Mr. Sorf may answer the District's complaint and assert any potential counterclaims.