**2017 UT App 211**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DENNIS TERRY WYNN,
Appellant.

Opinion
No. 20150492-CA
Filed November 16, 2017

Third District Court, Salt Lake Department
The Honorable Paul B. Parker
No. 061906774

Elizabeth Hunt, Attorney for Appellant

Sean D. Reyes, Laura B. Dupaix, and Andrew F.
Peterson, Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
concurred.

MORTENSEN, Judge:

¶1     More than nine years ago, Dennis Terry Wynn
(Defendant) was sentenced to prison and ordered to pay
restitution in excess of $700,000. Now he argues, among other
things, that that amount renders his sentence illegal. Because we
conclude that Defendant is not entitled to relief under the many
theories he advances, we affirm the district court's denial of his
several motions.

BACKGROUND

¶2     In 2006, the State charged Defendant with nineteen
felonies, including securities fraud, theft, and a pattern of

unlawful activity. The district court dismissed two of these charges at a preliminary hearing and Defendant was bound over on the remaining seventeen. Defendant was shortly thereafter indicted in federal court on seven counts of mail and securities fraud. The state district court stayed proceedings until Defendant resolved his federal indictments. In November 2007, Defendant pled guilty to a single count of mail fraud in the federal court. In conjunction with that plea, Defendant was sentenced to federal prison and ordered to pay more than $15 million in restitution.

¶3      Before he surrendered to federal prison, Defendant and the State reached an agreement on his seventeen state charges. Defendant agreed to plead guilty to four counts of securities fraud—two second degree felonies and two third degree felonies. The parties also agreed that "Defendant will serve any state prison sentence concurrent with his federal prison time" and that "Defendant shall pay $100,000 to [the] State at sentenc[ing]; final amount of restitution to be determined by Oct 6, as between counsel."

¶4      When Defendant entered his guilty pleas, the state district court explained that it would order "full and complete restitution in an amount of at least $100,000, but probably . . . many times more than that" and asked Defendant, "Is that what you understand?" Defendant responded, "Yes, sir." Defendant also indicated that he understood the sentence the district court planned to enter: "on two of the counts one to fifteen years in prison . . . and two other counts zero to five years in prison, all counts to run concurrently and to run concurrent with the federal time."

¶5      On October 6, 2008, the State submitted a request for a restitution order, indicating the full amount of restitution was $782,068.63. Defendant did not object to that amount or to the request for a restitution order, and on October 23, 2008, the district court signed the order for the amount requested. Both the State's request and the district court's order indicated that

the restitution would be paid to twenty-three victims named in an attached list.

¶6      After he completed his federal prison sentence, Defendant was transferred to the Utah State Prison. In May 2013, Defendant appeared at a hearing before the Utah Board of Pardons and Parole (the Board). The hearing officer, in discussing Defendant's outstanding restitution, explained, "So at this point I have restitution is owed in the amount of $782,068.63. It says $100,000 of this has been paid, and there's a balance of $682,068; is that correct?" Defendant indicated that he had not "seen those figures" but that it "sounds correct."

¶7      Nearly two years after that hearing, Defendant filed a motion under rule 22(e) of the Utah Rules of Criminal Procedure, seeking to correct an illegal sentence. He argued that his sentence "was illegally imposed through the violation of [his] constitutional right to effective assistance of counsel." He claimed that his plea agreement assured he "would serve no time in the Utah State Prison" but that his counsel "failed to ensure that [Defendant] would serve no time in state prison." He further claimed that his sentence was "unconstitutional because the restitution ordered is inaccurate, and trial counsel entirely forfeited [Defendant's] right to an accurate determination of restitution in the state case." Defendant contended that the State's restitution request "encompassed restitution for dismissed counts[] . . . and for other people who were not tied to any count at all." In his view, "As there was no conviction or agreement by [Defendant] to pay restitution for anything beyond the counts he pled to, trial counsel should have objected to the restitution request, which exceeded what [Defendant] was legally required to pay by hundreds of thousands of dollars."

¶8      The State opposed Defendant's rule 22(e) motion, and Defendant replied by filing an additional motion that set forth alternative claims: If the district court determined that the sentence was not an illegal sentence under rule 22, it should nevertheless set the sentence aside because either (1) the restitution amount was a clerical error that could be corrected at

any time under rule 30(b) of the Utah Rules of Criminal Procedure, or (2) Defendant was entitled to relief under rule 60(b)(6) of the Utah Rules of Civil Procedure because the restitution order was entered by default. Defendant contemporaneously requested discovery pertaining to "plea bargaining and negotiations in this case"; "restitution in this case, to include an accounting of who received the $100,000 originally paid"; "written or recorded statements of [Defendant] or any other potential or actual witnesses in this case"; "physical evidence gathered by the prosecution team members"; exculpatory evidence; a list of potential and actual witnesses; and other information seemingly unrelated to the motions pending before the district court.

¶9    The district court denied Defendant's motions. It determined that "Defendant's claim of ineffective assistance of counsel does not fall within the narrow parameters of Rule 22(e) review" and that "Defendant has not shown the sentence itself to be otherwise illegal." It further determined that, regarding the amount of restitution ordered, "there is no clerical error correctable through Rule 30(b)." And it determined that Defendant's rule 60(b) motion was untimely.[1] Finally, "[h]aving determined that [it] [did] not have jurisdiction," the district court denied Defendant's request for discovery.

¶10    Defendant now appeals the denial of his motions.


ISSUES AND STANDARDS OF REVIEW

¶11    On appeal, Defendant challenges the district court's reasoning and ultimate decision in denying each of his motions. We review for correctness the district court's denial of

---

1. The district court alternatively decided that "[b]ecause Defendant's claims are available under the [Post-Conviction Remedies Act], they are necessarily unavailable under 60(b) in this case."

Defendant's rule 22(e) and 30(b) motions. *See State v. Rodrigues*, 2009 UT 62, ¶ 11, 218 P.3d 610 (explaining that interpretation of "rule 30(b) of the Utah Rules of Criminal Procedure[] . . . is a question of law that we review for correctness" (citation and internal quotation marks omitted)); *State v. Fairchild*, 2016 UT App 205, ¶ 16, 385 P.3d 696 ("[W]hen the legality of a sentence is challenged, a question of law is presented, which we review for correctness."). We normally review discovery orders "under an abuse of discretion standard," *Pinder v. State*, 2015 UT 56, ¶ 20, 367 P.3d 968, but because the district court denied Defendant's motion for discovery for lack of jurisdiction, we review this issue for correctness, *see State v. Nicholls*, 2006 UT 76, ¶ 3, 148 P.3d 990 (explaining that denial of a motion based on "lack of subject matter jurisdiction[] . . . presents a question of law, which we review for correctness, granting no deference to the district court"). Finally, we review the district court's "denial of a 60(b) motion under an abuse of discretion standard of review." *Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480.

ANALYSIS

¶12  At the outset, we acknowledge a theme woven throughout the State's arguments on appeal: that Defendant's motions below were all attempts to avoid the requirements of our Post-Conviction Remedies Act. *See generally* Utah Code Ann. §§ 78B-9-101 to -405 (LexisNexis 2012). Under the PCRA, a defendant generally must file a petition "within one year after the cause of action has accrued." *Id.* § 78B-9-107(1). The State argues that Defendant's "motions below and his arguments on appeal are nothing more than a transparent attempt to skirt the statutory time limits—which have long since expired—for collaterally challenging his sentence." We decline to consider whether Defendant could or should have brought his challenges under the PCRA and instead decide each issue as Defendant presents it to us. In doing so, we conclude that each of the issues presented for our review fails on its merits.

## I. Defendant's Sentence Was Not Illegal

¶13    We first consider the district court's denial of Defendant's motion for review of an illegal sentence, brought under rule 22(e) of the Utah Rules of Criminal Procedure. That rule allows a court to "correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R. Crim. P. 22(e) (2016).[2]

¶14    Defendant argues that "because his sentence was imposed through ineffective assistance of counsel, it was illegally imposed, and subject to correction under the plain language of rule 22(e)." He also asserts that the restitution order, being part of Defendant's sentence, "was manifestly and patently illegal as it far exceeded [his] legal responsibility for restitution" and should be corrected under rule 22(e).

¶15    The district court determined that, concerning his prison sentence, "Defendant has failed to show that the sentence is manifestly illegal with regard to sentence length and Defendant has likewise not asserted any facial constitutional challenge to

---

2. This rule was amended during the pendency of this appeal. The quoted language comes from the earlier version of rule 22(e). Whether the amendment applies retroactively or not, *see State v. Guard*, 2015 UT 96, ¶ 37, 371 P.3d 1, the result would be the same. The earlier version of the rule discusses a court's ability to "correct an illegal sentence," *see* Utah R. Crim. P. 22(e) (2016), but the amended version no longer uses the term "illegal," *see id.* (2017). Instead, the amended version incorporates the factors frequently considered by courts in determining whether a particular sentence was illegal, *see, e.g., State v. Fairchild*, 2016 UT App 205, ¶ 29, 385 P.3d 696, and directs that when one of those factors is present, "[t]he court may correct [the] sentence." *See* Utah R. Crim. P. 22(e) (2017). Thus, whether analyzing Defendant's challenge under the old or new version of the rule, we would consider the same factors. *Compare infra* ¶ 16, *with* Utah R. Crim. P. 22(e) (2017).

the sentences." Concerning the amount of restitution, the court determined that Defendant had "not shown that the claim can be easily corrected without the need for fact-intensive analysis" and thus Defendant's claim did "not fall within the narrow parameters of Rule 22(e)." (Citing *State v. Houston*, 2015 UT 40, ¶ 18, 353 P.3d 55.)

A.      Defendant's Challenge to His Prison Sentence

¶16     The district court was correct in denying Defendant's rule 22(e) motion because Defendant's claim of ineffective assistance of counsel is not the sort of claim properly pursued under rule 22(e). An illegal sentence is one that is "ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984 (alteration in original) (citation and internal quotation marks omitted).

¶17     Defendant argues that his sentence was illegal because it was "imposed in violation of [his] constitutional right to effective assistance of counsel." The extent to which rule 22(e) applies to constitutional challenges was addressed by the Utah Supreme Court in *Houston*: "We . . . hold that under rule 22(e), a defendant may bring constitutional challenges that attack the sentence itself and not the underlying conviction, and which do so as a facial challenge rather than an as-applied inquiry." 2015 UT 40, ¶ 26 (citation omitted).

¶18     Defendant challenges the process by which the district court arrived at the sentence and judgment; his challenge rests on the performance of his attorney in this particular case. This is akin to an as-applied challenge to the process involved and is not a facial challenge to the sentence and judgment as entered. It is not the sort of challenge properly pursued under rule 22(e). Our decision is informed by the following reasoning found in *State v. Headley*:

> Defendant's claims of ineffective assistance of counsel and erroneous fact findings by the sentencing judge are simply not cognizable under Rule 22(e). Defendant has not cited any caselaw holding otherwise and has also not offered any reasoned analysis for why Rule 22(e) should apply to his case. The sentence imposed was permissible under applicable statutes, and the trial court properly resolved factual disputes presented to it. Defendant raises no claims legitimately related to whether the sentence was illegal or "imposed in an illegal manner."

2002 UT App 58U, para. 9 (Greenwood, J., concurring in the result) (citations omitted). Like the defendant in *Headley*, Defendant here cites no case law interpreting rule 22(e) in the manner he urges. And his sentence was in accordance with relevant statutes. That Defendant "has been serving concurrent time since October 9, 2008 on what he *expected* to be a five year state and federal sentence" does not change the legality of that sentence. (Emphasis added.) Defendant's statement in support of his guilty plea acknowledged the "maximum sentence that may be imposed for each crime to which I am pleading guilty," including fifteen years for a single second degree felony count of securities fraud. And that is precisely the sentence imposed by the district court.

¶19 We thus conclude that the district court properly denied Defendant's rule 22(e) motion because, as that court held, "Defendant's claim of ineffective assistance of counsel does not fall within the narrow parameters of Rule 22(e)."

B. Defendant's Challenge to His Restitution Obligation

¶20 Defendant next argues that his "sentence is also unconstitutional because the restitution ordered is inaccurate, and trial counsel was ineffective in entirely forfeiting [Defendant's] right to an accurate determination of restitution in the state case." This argument fails for the same reason we

rejected Defendant's challenge to the length of his prison sentence: ineffective-assistance claims "are simply not cognizable under Rule 22(e)." *Id.*

¶21 But we would affirm the district court's order in any event because Defendant cannot show that he was harmed by any purported deficiency in his counsel's performance. It is well settled that to succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

¶22 At sentencing, Defendant agreed that the final restitution amount would likely be "many times more than" $100,000. And at his hearing before the Board, Defendant indicated that the purported remaining balance of $682,068 "sounds correct." Now, on appeal, Defendant concludes, without analysis or explanation, that the correct restitution amount is "apparently $138,116.18." Defendant's agreement at the time of his plea, and his representations at the hearing before the Board, stand in direct conflict with the assertions he now makes on appeal. Given the position taken by Defendant closer to the time of his sentencing, it is difficult to see how a change in his counsel's performance could have resulted in a different restitution amount. Thus, even if rule 22(e) could be used to remedy deficient performance by Defendant's counsel, his underlying ineffective-assistance claim is unmeritorious.

¶23 We affirm the district court's denial of Defendant's rule 22(e) motion as it pertained to the amount of restitution.

## II. The Amount of Restitution Ordered Was Not a Clerical Error

¶24 Defendant alternatively argues that the restitution amount ordered could be corrected under rule 30(b) of the Utah Rules of Criminal Procedure. That rule provides: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be

corrected by the court at any time and after such notice, if any, as the court may order." Utah R. Crim. P. 30(b).

> In determining whether an error was clerical, we generally focus on three factors: (1) whether the order or judgment that was rendered reflects what was done or intended, (2) whether the error is the result of judicial reasoning and decision making, and (3) whether the error is clear from the record.

*State v. Perkins*, 2014 UT App 60, ¶ 10, 322 P.3d 1184 (citation and internal quotation marks omitted).

¶25   Defendant suggests that because there was no agreement that he "would pay restitution for people not named as victims in the case, or for victims in counts to which he did not plead guilty," the first factor weighed in favor of granting his rule 30(b) motion. He asserts that "the restitution order does not comport with the intent of the parties" because he never agreed to pay restitution for the dismissed counts. "While the intent of the parties may be taken into account in the clerical error analysis, it is ultimately the intent of the court or fact finder that is binding." *State v. Rodrigues*, 2009 UT 62, ¶ 15, 218 P.3d 610.

¶26   Even assuming that Defendant, in entering his plea agreement, did not intend to pay restitution to all alleged victims,[3] our inquiry must rest on the district court's intention. The district court intended to require Defendant to pay restitution for all alleged victims, as demonstrated by its decision to enter, in its own words, a restitution order "for the amended counts to which Defendant entered pleas of guilty, as well as the

---

3. And this really is an assumption made solely for the purpose of deciding this issue. We do not reach the question of whether Defendant's plea was based on an agreement to pay restitution for all alleged victims or only the victims associated with the charges to which he pled guilty.

remaining counts that were dismissed by plea agreement." And any claimed error in that intention actually speaks to the second factor outlined in *Perkins*, *see* 2014 UT App 60, ¶ 10, and demonstrates that the amount of restitution was the result of a claimed *judicial* error rather than a clerical one.

¶27  "[A] judicial error is one made in rendering the judgment and results in a substantively incorrect judgment." *Rodrigues*, 2009 UT 62, ¶ 14 (citation and internal quotation marks omitted). "A clerical error is one made in *recording* a judgment that results in the entry of a judgment which does not conform to the actual intention of the court." *Id.* (emphasis added) (citation and internal quotation marks omitted). Defendant's position hints at an erroneous judicial decision—the decision to require Defendant to pay full restitution to all alleged victims, rather than to the specific victims associated with the charges to which he pled guilty—rather than a scrivener's error made when the restitution amount was entered.

¶28  The amount of restitution for all of the charged counts was, as represented by the State, $782,068.63. The district court accordingly entered a restitution order for that amount. Where Defendant assigns error is in the decision to require payment for the dismissed counts. Defendant does not claim error in the court's calculation of restitution. *Cf. id.* ¶¶ 4, 23–26 (explaining that an "error in the amount of restitution owed was not the product of judicial reasoning" where there had been a miscalculation in multiplying monthly child support arrears over a set period of time). He does not claim that the court erroneously memorialized the restitution amount when entering the order. *Cf. State v. Lorrah*, 761 P.2d 1388, 1389–90 (Utah 1988) (per curiam) (allowing correction of a sentence for clerical error when "the notation 'maximum mandatory term' should properly read 'minimum mandatory term'"). Thus, he does not claim the sort of error that can properly be considered clerical. Accordingly, because the claimed error is "the result of judicial reasoning and decision making," *see Rodrigues*, 2009 UT 62, ¶ 14,

it is not the sort of error correctible under rule 30(b), and the district court was correct to deny Defendant's rule 30(b) motion.[4]

III. Defendant's Rule 60(b)(6) Motion Was Untimely

¶29    Next, Defendant argues that the restitution order should be set aside under rule 60(b) of the Utah Rules of Civil Procedure because it was entered without objection due to "egregious ineffective assistance." *See* Utah R. Civ. P. 60(b)(6) (allowing courts to set aside judgments and orders for any "reason that justifies relief"). This argument essentially attempts to recast Defendant's earlier claims of ineffective assistance of counsel. *See supra* Part I. We need not decide whether rule 60(b) is a proper mechanism for asserting claims of ineffective assistance, because the district court based its denial of Defendant's motion on its determination that the motion was untimely. "[A] district court has broad discretion in ruling on a motion to set aside an order or judgment under rule 60(b), and '[t]hus, we review a district court's denial of a 60(b) motion under an abuse of discretion standard.'" *Metropolitan Water Dist. of Salt Lake & Sandy v. Sorf*, 2013 UT 27, ¶ 12, 304 P.3d 824 (second alteration in original) (quoting *Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480).

¶30    Rule 60 requires that motions "under paragraph (b) must be filed within a reasonable time." Utah R. Civ. P. 60(c). What

_____

4. We note that the third factor referenced in *State v. Perkins*, 2014 UT App 60, ¶ 10, 322 P.3d 1184, also supports our conclusion. Any error that Defendant claims in this regard is not clear on the record. The record indicates that Defendant agreed to pay many times more than $100,000 in restitution. It also indicates that, after making a $100,000 payment, Defendant thought that $682,068 "sound[ed] correct" for the outstanding restitution amount. *See supra* ¶ 22. Because the amounts previously acknowledged by Defendant are consistent with the amount of restitution ordered, his attempts to now argue that the record supports his current positions are unconvincing.

constitutes a reasonable time under rule 60(b)(6) depends on "the facts of each case, considering such factors as the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Menzies*, 2006 UT 81, ¶ 65 (citation and internal quotation marks omitted). The district court determined that, under the facts of this case, the six and a half years that passed between entry of the restitution order and the filing of Defendant's rule 60(b) motion made his motion untimely. We cannot say that this determination was an abuse of the district court's discretion. *See Knight Adjustment Bureau v. Brockbank*, 2006 UT App 196U, para. 2 (per curiam) (acknowledging a trial court's "broad discretion to rule on a rule 60(b) motion" and determining that the trial court in that case "did not abuse its discretion in denying the motion" as untimely when it "was filed a year and a half after the judgment's entry" (citation and internal quotation marks omitted)).

¶31 We focus our discussion on two related factors considered by the district court—Defendant's reason for delay in filing his motion and his practical ability to learn earlier the grounds relied upon. *See Menzies*, 2006 UT 81, ¶ 65. Defendant asserts that the reason for his delay in filing his motion to set aside the restitution order was that until he "received the default order[5] from present counsel in December of 2014 and learned that it illegally held him responsible for paying people other than those underlying the counts he pled to and had agreed to pay, he had

---

5. Defendant refers to the restitution order throughout his briefs as a default order or default judgment. But because Defendant acknowledges that he agreed to pay restitution, and because there is no dispute that Defendant appeared for the proceeding in which he entered a guilty plea, we do not view this particular order as a default judgment. *See Default Judgment*, Black's Law Dictionary (10th ed. 2014) (defining "default judgment" as a "judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim").

no reason to know that the restitution order was amiss." But this flies in the face of his representations to the district court "that he first learned about the restitution order amount at the May 2013 parole hearing." Furthermore, the district court found that Defendant "provide[d] no explanation as to why he did not learn of the restitution order, filed in this case in October 2008, between 2008 and 2013."

¶32 For purposes of our analysis, we assume that Defendant knew the details of the restitution order either by May 2013 or by December 2014. If we accept the representations he made to the district court, he knew by May 2013. If we accept Defendant's current contention that he failed to learn about the restitution order until December 2014, we nevertheless have no difficulty concluding that he *should have* known the details of the order by May 2013. That was when Defendant appeared before the Board and agreed that the outstanding restitution amount of $682,068 "sound[ed] correct." It is not reasonable that Defendant would have heard that outstanding restitution amount in May 2013, agreed at the time that it seemed correct, and taken until March 2015 to realize that the amount might somehow have been incorrect notwithstanding his earlier agreement to the contrary. And aside from reiterating his claims that his original counsel performed deficiently in 2008, Defendant offers us—and he offered the district court—no explanation for this delay. In other words, giving Defendant the benefit of believing that he did not know about the amount of restitution ordered until May 2013, there is no excuse given for why it took him nearly two more years to file a motion to set aside the restitution order.

¶33 Similarly, Defendant's appearance at the May 2013 hearing before the Board speaks to the "practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *See Menzies*, 2006 UT 81, ¶ 65 (citation and internal quotation marks omitted). On this point, we agree with the district court that Defendant "does not appear to have acted diligently to pursue a possible relief from judgment." Once again, Defendant attempts to explain away his lack of action by

pointing to the purported inaction of his defense counsel some six years before filing his rule 60(b) motion. Because Defendant does not explain why he failed to take action after his May 2013 hearing, we determine that it was not an abuse of discretion for the district court to conclude that Defendant did not exercise the diligence necessary for relief under rule 60(b) and that Defendant's motion was therefore untimely.[6]

## IV. The District Court Lacked Jurisdiction to Order Discovery

¶34 Finally, Defendant argues that the district court erroneously denied his motion for discovery. That denial was based on the district court's determination that it did not have jurisdiction to order the discovery requested. Defendant relies on the court's "ongoing jurisdiction to correct [his] illegally imposed sentence, including the default restitution order,[7] pursuant to Utah [Rules of Criminal Procedure] 30(b) and 22(e)" to support his contention that the district court did have the requisite jurisdiction. But because Defendant's argument is based on a faulty premise, it fails.

¶35 While district courts generally retain jurisdiction to correct illegal sentences, Defendant's sentence was not illegal and thus this particular district court did not have continuing jurisdiction to order discovery. *See State v. Montoya*, 825 P.2d 676, 679 (Utah Ct. App. 1991) ("Once a court imposes a valid sentence, it loses subject matter jurisdiction over the case."); *see also Thompson v. Wardley Corp.*, 2016 UT App 197, ¶ 23, 382 P.3d 682 ("When a court dismisses a rule 60(b) motion as untimely,

---

6. There are additional considerations in reviewing a district court's denial of a rule 60(b) motion than timeliness. *See Menzies v. Galetka*, 2006 UT 81, ¶ 64, 150 P.3d 480. But "there is no need to consider whether there is a basis for setting aside a . . . judgment if the motion was not made in a timely manner." *See id.*

7. *See supra* ¶ 31 note 5.

the court lack[s] jurisdiction to consider the merits of the motion." (alteration in original) (citation and internal quotation marks omitted)).

¶36    We therefore affirm the district court's denial of Defendant's motion for discovery.


CONCLUSION

¶37    Defendant has failed to demonstrate that he was entitled to relief under rules 22 or 30 of the Utah Rules of Criminal Procedure or rule 60 of the Utah Rules of Civil Procedure. And because the district court properly denied each of Defendant's motions brought under those rules, it did not have jurisdiction to order further discovery and properly denied Defendant's discovery motion on that basis.

¶38    Affirmed.

————————