*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2015 UT 3**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

GLENDA MCGIBBON,
*Appellant,*
*v.*
FARMERS INSURANCE EXCHANGE,
*Appellee.*

No. 20120484
Filed January 23, 2015

Second District, Ogden Dep't
The Honorable Scott M. Hadley
No. 090902055

Attorneys:

Erik M. Ward, Lindy W. Hamilton, Robert W. Gibbons
Salt Lake City, for appllellant

Lloyd R. Jones, Salt Lake City, for appellee

JUSTICE DURHAM authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE PARRISH, and JUSTICE LEE joined.

JUSTICE DURHAM, opinion of the Court:

### INTRODUCTION

¶1     Glenda McGibbon appeals from a district court order compelling her to arbitrate her claims against her insurance company, Farmers Insurance Exchange (Farmers). We conclude that we lack jurisdiction to consider her appeal and therefore dismiss it without ruling on its merits.

### BACKGROUND

¶2     Ms. McGibbon filed this lawsuit after being injured in an automobile accident. At the time of the accident, she owned an insurance policy with Farmers that included uninsured motorist coverage.

¶3     Because insurers who provide such coverage ultimately bear the uninsured motorists' liability, they may contest that liability by intervening in their policyholders' lawsuits against the uninsured. Farmers did so, becoming a defendant and filing an answer to Ms. McGibbon's complaint. The parties later stipulated to dismiss the uninsured driver, leaving Farmers as the sole defendant.

¶4 After filing its answer, Farmers proposed that the parties stipulate to arbitration, but Ms. McGibbon refused. Farmers then sought to compel arbitration based on an arbitration clause in Ms. McGibbon's policy. The district court granted Farmers' motion and dismissed Ms. McGibbon's complaint.

¶5 Ms. McGibbon petitioned this court for interlocutory review of the district court's order, and we provisionally granted review subject to a subsequent determination that we have jurisdiction over the appeal. For reasons explained below, we conclude that we lack jurisdiction and therefore dismiss the appeal.

## STANDARD OF REVIEW

¶6 Because we lack jurisdiction, we do not review the decision of the district court and no standard of review applies.

## ANALYSIS

¶7 The Utah Rules of Appellate Procedure establish two procedures through which parties before the district court may seek appellate review. In order to challenge an interlocutory order, a party must file a petition with the appropriate appellate court. Uᴛᴀʜ R. Aᴘᴘ. P. 5(a). A challenge to a final order, on the other hand, may not be commenced by filing a petition in the appellate court. Rather, a party wishing to appeal from a final order must file a notice of appeal in the district court that entered the order. *Id.* 4(a).

¶8 We conclude that Ms. McGibbon has satisfied the requirements of neither of these procedures. Because she is challenging a final order, we may not hear her case as an interlocutory appeal. And because she failed to file a timely notice of appeal in the district court, we may not hear the case as an appeal of a final order. We therefore lack jurisdiction and must dismiss Ms. McGibbon's appeal.

### I. THE DISTRICT COURT'S ORDER WAS FINAL

¶9 In *Powell v. Cannon*, we held that when a district court orders a stay of litigation pending the completion of arbitration, the order is not final if the court retains jurisdiction to resolve any remaining issues after the conclusion of arbitration proceedings. 2008 UT 19, ¶ 18, 179 P.3d 799. In *Zions Management Services v. Record*, however, we clarified that if the only issue before the court is whether to compel arbitration, an order compelling arbitration is "a final decision because it effectively end[s] the controversy between the parties and [leaves] no claims pending before the district court." 2013 UT 36, ¶ 26, 305 P.3d 1062 (internal quotation marks omitted).

¶10   In this case, the district court dismissed Ms. McGibbon's lawsuit when it compelled arbitration. It did not retain jurisdiction over the proceedings because there remained nothing left for it to resolve once arbitration was finished. The order compelling arbitration was therefore a final order under *Zions Management*.

¶11   Because the district court's order was final, we cannot review it on interlocutory appeal. This is apparent from the plain language of the rule governing interlocutory appeals, which allows parties to initiate an appeal by petitioning the appellate court only when they seek "[a]n appeal from an interlocutory order." UTAH R. APP. P. 5(a).

¶12   This conclusion is further supported by our precedent. In *Clark v. Archer*, we held that rules 3 and 4, not rule 5, "provide the procedural mechanism for a party to appeal a final order. When a district court has entered a final judgment [or other final order], parties to the litigation are bound to follow the procedural requirements of [rules 3 and 4] in seeking appellate review." 2010 UT 57, ¶ 9, 242 P.3d 758.

¶13   The law is clear: Ms. McGibbon could not appeal the district court's final order by following the requirements of rule 5. The question, then, is whether her filings satisfied the requirements of rules 3 and 4. We address this question below.

## II. FILING A PETITION FOR INTERLOCUTORY APPEAL WITH THE SUPREME COURT DOES NOT SATISFY RULES 3 AND 4

¶14   Rules 3 and 4 of the Utah Rules of Civil Procedure make clear that an appeal from a final order may not be heard unless the appellant filed a notice of appeal with the district court within thirty days of the order's entry. The "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal," UTAH R. APP. P. 3(a), but the failure of an appellant to file a notice of appeal prevents the appellate court from taking jurisdiction of the case. *Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952, 955 (Utah 1984) ("It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal."), *superseded in part on other grounds by procedural rule*, UTAH R. APP. P. 3, *as recognized in Clark v. Archer*, 2010 UT 57, ¶ 14, 242 P.3d 758.

¶15   In applying this rule, we note that the caption on a court filing is not dispositive. "When determining whether a notice of appeal is sufficient, we look to the substance of the notice—not its caption." *Cedar Surgery Ctr., L.L.C. v. Bonelli*, 2004 UT 58, ¶ 12, 96 P.3d 911. If an appellant files an incorrectly captioned document that

"otherwise complie[s] with the content and service requirements of rule 3," and does so within the deadlines set by rule 4, the "misdesignation of the appeal . . . [is] harmless." *Id.* Under such circumstances, the appellate court may take jurisdiction of the case.

¶16    But in this case, Ms. McGibbon did not file a notice of appeal with the district court, correctly captioned or otherwise. The appellant in *Cedar Surgery* satisfied the requirements of rules 3 and 4 by filing a copy of its petition for permission to appeal in the district court as well as in the appellate court. *Id.* ¶¶ 5, 11. But Ms. McGibbon did not file a copy of her petition in the district court; indeed, she filed nothing at all in the district court between the entry of the court's final order and the thirty-day deadline.

¶17    The only notice the district court received of Ms. McGibbon's appeal was a routine form letter sent by the supreme court to the district court after she filed her petition. Although the language of rule 3 is not entirely clear as to whether a document that is in the record but not filed by the appellant can constitute a notice of appeal, we think the better reading of the text is that it cannot—that the notice of appeal must be a document filed by the appellant and not merely a letter sent by the appellate court. In any case, the supreme court's letter in this proceeding could not serve as a notice of appeal because it does not contain all the information required by rule 3. Specifically, it does not "specify the party or parties taking the appeal," and it does not "designate the judgment or order . . . appealed from." Uᴛᴀʜ R. Aᴘᴘ. P. 3(d).

¶18    We therefore conclude that Ms. McGibbon has not filed a notice of appeal and that we lack jurisdiction to consider her case. Had she filed a copy of her interlocutory petition in the district court, we could have treated it as a notice of appeal if it satisfied the requirements of rules 3 and 4. *See Cedar Surgery*, 2004 UT 58, ¶ 11. But because she failed to file anything in the district court that satisfied those requirements, her case is disposed of by our holding in *Clark v. Archer*: the failure to file a notice of appeal in the district court "cannot be corrected by the erroneous filing of a petition for interlocutory appeal" in the appellate court. 2010 UT 57, ¶ 13, 242 P.3d 758.

## CONCLUSION

¶19    Ms. McGibbon's appeal is therefore dismissed.

––––––––––