## 2015 UT App 115

### THE UTAH COURT OF APPEALS

AMERICAN FAMILY INSURANCE AND JASON D. HARDMAN,
Plaintiffs and Appellants,
*v.*
S.J. LOUIS CONSTRUCTION, INC.,
Defendant and Appellee.

Opinion
No. 20130986-CA
Filed April 30, 2015

Third District Court, West Jordan Department
The Honorable Barry G. Lawrence
No. 110400845

Jan P. Malmberg, Attorney for Appellants

Robert L. Janicki and Michael L. Ford,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES GREGORY K. ORME and JAMES Z. DAVIS concurred.

CHRISTIANSEN, Judge:

¶1    Plaintiffs American Family Insurance and Jason D.
Hardman appeal the district court's order setting aside a default
judgment against S.J. Louis Construction, Inc. and compelling
arbitration of their claims. Because the district court's order
compelling arbitration is not a final, appealable order, this court
lacks jurisdiction and we must dismiss the appeal.

### BACKGROUND

¶2    Hardman was driving through a road-construction zone
maintained by S.J. Louis when his car struck a pipe protruding

approximately eighteen inches above the roadway. His car suffered extensive damage from this collision, but Hardman was not seriously injured. His insurer, American Family, paid Hardman approximately $4,500 in total for the property damage and his personal injury claim. American Family and Hardman then filed a subrogation complaint against S.J. Louis in the district court, alleging that S.J. Louis was negligent and seeking recovery of the damages paid by American Family and Hardman's $500 insurance deductible. S.J. Louis did not respond to the complaint.

¶3    A little less than two years later, in November 2012, Plaintiffs sought to arbitrate the dispute with S.J. Louis's insurer, Zurich American Insurance Company. Unsatisfied with Zurich's response to their attempts to arbitrate or negotiate a settlement, Plaintiffs obtained a default judgment against S.J. Louis from the district court on January 17, 2013. Plaintiffs then withdrew their claims from arbitration.

¶4    On May 24, 2013, S.J. Louis filed a motion with the district court to set aside the default judgment and to compel arbitration of Plaintiffs' claims. S.J. Louis argued that "a party to an arbitration agreement may be relieved from a default judgment under Rule 60(b)(6) of the Utah Rules of Civil Procedure" and that American Family and Zurich had agreed to arbitrate the claims by virtue of their mutual membership in Arbitration Forums, Inc., an arbitration-services provider. The district court agreed, setting aside the default judgment entered against S.J. Louis and ordering the parties to arbitrate the claims through Arbitration Forums. Plaintiffs appeal.

ISSUE AND STANDARD OF REVIEW

¶5    The dispositive issue on appeal is whether the district court's order compelling arbitration is a final order from which Plaintiffs may appeal. "The question of whether an order is final and appealable is a question of law." *Powell v. Cannon*, 2008 UT

19, ¶ 9, 179 P.3d 799 (citation omitted). We therefore decide as a matter of law whether the district court's order is a final judgment.

## ANALYSIS

¶6      As a threshold matter, we must determine whether this court has jurisdiction to consider an appeal from the district court's order compelling arbitration.[1] Generally, a party may appeal only "'final orders and judgments' from a district or juvenile court, except as otherwise provided by law." *Powell v. Cannon*, 2008 UT 19, ¶ 11, 179 P.3d 799 (quoting Utah R. App. P. 3(a)). "The final judgment requirement is jurisdictional," and if the order appealed from fails to satisfy this requirement, "we lack jurisdiction over the appeal and must dismiss it." *Id.* ¶ 12. The Utah Uniform Arbitration Act creates an exception to the final-judgment requirement for certain arbitration-related orders that would otherwise be deemed interlocutory, but an order compelling arbitration is not included in this exception. *See* Utah Code Ann. § 78B-11-129(1) (LexisNexis 2012). Accordingly, we may reach the merits of the appeal only if the district court's

---

1. Shortly after the notice of appeal was filed in this case, this court directed the parties to address the matter of our jurisdiction. S.J. Louis argued in its brief that the district court's order was nonfinal and that this court therefore lacked jurisdiction over the appeal. At oral argument, however, S.J. Louis changed its position based on its reading of *Zions Management Services v. Record*, 2013 UT 36, 305 P.3d 1062, and agreed with American Family that the district court's order was final for purposes of appeal. Nevertheless, "acquiescence of the parties is insufficient to confer jurisdiction on the court." *Anderson v. Wilshire Invs., LLC*, 2005 UT 59, ¶ 22 n.4, 123 P.3d 393 (citation and internal quotation marks omitted). This concession by S.J. Louis therefore does not resolve the jurisdictional question.

order compelling arbitration is a final judgment. *See Powell*, 2008 UT 19, ¶¶ 14, 23.

¶7 "A district court's order is a final judgment only if it ends the controversy between the parties by finally disposing of the litigation on the merits as to all claims and all parties." *Id.* ¶ 15. "If any issue remains pending, the final judgment rule is not satisfied." *Id.* Thus, where a party has sought relief on the merits in the district court but those claims are subsequently ordered to arbitration, "an order staying litigation and compelling arbitration is not a final order from which an appeal may be taken." *Id.* ¶ 20. However, "if the only issue before the court is whether to compel arbitration, an order compelling arbitration is 'a final decision because it effectively end[s] the controversy between the parties and [leaves] no claims pending before the district court.'" *McGibbon v. Farmers Ins. Exch.*, 2015 UT 3, ¶ 9, 345 P.3d 550 (alterations in original) (quoting *Zions Mgmt. Servs. v. Record*, 2013 UT 36, ¶ 26, 305 P.3d 1062).

¶8 In *Powell v. Cannon*, the plaintiffs sued their healthcare providers, alleging negligence in the delivery of the plaintiffs' child. 2008 UT 19, ¶ 2, 179 P.3d 799. The defendants filed a motion to stay litigation and compel arbitration, which the district court granted. *Id.* ¶¶ 3, 6. The plaintiffs appealed from that order, and our supreme court dismissed the appeal for lack of jurisdiction. *Id.* ¶ 31. The supreme court held that an order staying litigation and compelling arbitration is not a final judgment from which an appeal may be taken. *Id.* ¶ 20. The supreme court explained that "the district court retained jurisdiction over the case by staying the litigation pending the completion of the arbitration." *Id.* ¶ 18. Thus, the court held, "[u]ntil the district court enters judgment on the arbitration award, the [plaintiffs'] underlying claims for medical malpractice remain viable and cognizable." *Id.* The supreme court also observed that the district court could modify, correct, or vacate the arbitration award after the arbitration proceedings were completed. *Id.* The supreme court accordingly concluded that the order compelling arbitration had "neither ended the

controversy between the litigants nor disposed of the subject matter of the litigation" and was therefore not a final judgment. *Id.* ¶¶ 18, 20.

¶9    In contrast, our supreme court concluded in *Zions Management Services v. Record* that a district court's order granting a motion to compel arbitration in an administrative proceeding was final for purposes of appeal. 2013 UT 36, ¶ 26, 305 P.3d 1062. There, a party to an employment-discrimination dispute before the Utah Labor Commission filed a motion with the district court to compel arbitration in the administrative proceeding. *Id.* ¶ 6. The district court granted the motion and ordered the administrative proceedings stayed, and the employee appealed. *Id.* ¶¶ 6, 10. The supreme court first determined that the district court had no jurisdiction over the claims before the Labor Commission and that the only issue then properly before the district court was whether the arbitration agreement should be enforced. *Id.* ¶ 26. The court then concluded that the district court's order was final: "[O]nce the district court issued its Order Compelling Arbitration, there was nothing left for the district court to do," because, unlike in *Powell*, the decision on the motion to compel arbitration "left no claims pending before the district court." *See id.* On appeal, the employee relied on *Powell* to argue that the order was nonfinal because the district court retained jurisdiction to confirm, vacate, modify, or correct the arbitration award. *Id.* ¶ 27. The supreme court rejected this argument, clarifying that its conclusion in *Powell* was not based on the availability of postarbitration remedies in the district court. *Id.* ¶ 28. Rather, the supreme court explained, the order in *Powell* was nonfinal because the district court stayed litigation of the underlying claims for negligence and medical malpractice; thus "those claims remained live before the district court" while arbitration proceeded, and the district court retained jurisdiction. *Id.*

¶10    The Utah Supreme Court recently issued *McGibbon v. Farmers Insurance Exchange*, 2015 UT 3, 345 P.3d 550, wherein the court again faced the question of whether an order compelling

arbitration was a final judgment. There, the plaintiff filed suit to recover for injuries sustained in an automobile accident. *Id.* ¶ 2. The insurer sought to compel arbitration of the plaintiff's claims, and the district court granted the motion. *Id.* ¶ 4. However, rather than staying litigation of her claims pending arbitration, the district court dismissed the plaintiff's complaint. *Id.* The plaintiff sought an interlocutory appeal of the district court's order, which the supreme court provisionally granted pending a determination of its jurisdiction. *Id.* ¶ 5. The supreme court ultimately dismissed the appeal, concluding that the district court's order was a final judgment from which a direct appeal, rather than an interlocutory appeal, must be taken. *Id.* ¶¶ 13, 19.

¶11     In concluding that the district court's order was a final judgment, the supreme court reiterated the rule that an order is not final if the district court "retains jurisdiction to resolve any remaining issues after the conclusion of arbitration proceedings." *Id.* ¶ 9 (citing *Powell*, 2008 UT 19, ¶ 18). However, because the district court in *McGibbon* had dismissed the plaintiff's complaint when it compelled arbitration, "[i]t did not retain jurisdiction over the proceedings" and "there remained nothing left for it to resolve once arbitration was finished." *Id.* ¶ 10. The supreme court therefore held that the district court's order compelling arbitration and dismissing the case was final, the plaintiff's interlocutory appeal was improper, and the appeal had to be dismissed. *Id.* ¶¶ 13, 19.

¶12     Here, Plaintiffs filed a negligence claim against S.J. Louis seeking repayment of the damages incurred in the collision. S.J. Louis moved the district court to compel arbitration, and the court granted that motion. Unlike in *McGibbon*, the district court here did not dismiss the underlying complaint when it ordered the parties to arbitration. And unlike in *Zions Management Services*, the merits of Plaintiffs' underlying negligence claim are properly before the district court. The outcome of this case is therefore governed by the supreme court's holding in *Powell.* And because Plaintiffs' negligence claim remains "live" and pending before the district court, the district court's order

compelling arbitration here is not final.[2] *See Powell*, 2008 UT 19, ¶ 18. We therefore lack jurisdiction over Plaintiffs' direct appeal from that order, and we must dismiss it. *See id.* ¶ 12.

## CONCLUSION

¶13    The district court's order compelling arbitration is not a final judgment from which a direct appeal may be taken. We therefore dismiss the appeal.

——————————

2. We recognize that the district court here did not formally stay the litigation on Plaintiffs' negligence claim. However, with or without a stay, that claim remains pending before the district court until a judgment or dismissal is entered. *See McGibbon v. Farmers Ins. Exch.*, 2015 UT 3, ¶ 10, 345 P.3d 550; *Powell v. Cannon*, 2008 UT 19, ¶ 18, 179 P.3d 799.