2016 UT App 197

## THE UTAH COURT OF APPEALS

CINDY L. THOMPSON,
Appellant,
*v.*
WARDLEY CORPORATION, LYNN E. WARDLEY,
AND KENNETH U. TRAMP,
Appellees.

Opinion
No. 20140962-CA
Filed September 15, 2016

Third District Court, Salt Lake Department
The Honorable Keith A. Kelly
No. 070908097

Cindy L. Thompson, Appellant Pro Se

John T. Anderson, Attorney for Appellees

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and JILL M. POHLMAN
concurred.

VOROS, Judge:

¶1     Appellant Cindy L. Thompson appeals from a district court order denying her motion for relief from judgment under rule 60(b) of the Utah Rules of Civil Procedure.[1] The motion was

---

1. Delano S. Findlay, Thompson's counsel below, also signed the brief of appellant, identifying himself as an Intervenor. However, "a party wishing to appeal from a final order must file a notice of appeal in the district court that entered the order." *McGibbon v. Farmers Ins. Exch.*, 2015 UT 3, ¶ 7, 345 P.3d 550. The record contains no notice of appeal signed by Findlay or listing him as an appellant. Accordingly, he is not a party to this appeal.

filed nearly four and a half years after entry of summary judgment and four years after entry of a sanctions order. Notwithstanding the movant's colorable assertions of fraud and misconduct by the opposing parties and counsel, the district court ruled the motion untimely. Because the motion was untimely, the district court further ruled that it lacked jurisdiction to impose sanctions against defendants Wardley Corporation, Lynn E. Wardley (the majority shareholder, president, and chairman of the board of directors of Wardley Corporation), and Kenneth U. Tramp (a minority shareholder, vice president, and a director of Wardley Corporation) (collectively, Appellees) and defense counsel John T. Anderson. We affirm.

## BACKGROUND

¶2     In December 2005 Thompson obtained a judgment against Wardley Corporation for unpaid commissions from her prior employment (the Judge Peuler case). Thompson later discovered that during the Judge Peuler case, Appellees had sold the real estate brokerage and other Wardley Corporation assets. Thompson suspected that Appellees had intentionally sold the real estate brokerage and disposed of the assets either to avoid paying her claim or because Appellees knew they would have insufficient assets to pay her claim.

¶3     Consequently, in 2007, Thompson sued Appellees (the Judge Medley case). Thompson's first claim, asserting fraudulent conveyance, alleged that Wardley Corporation had transferred its assets with the intent to "hinder, delay, or defraud [Thompson] . . . by placing its assets beyond reach of [Thompson] as a creditor." Thompson's second claim, asserting unjust enrichment, alleged that Thompson conferred a benefit on Appellees in the form of services that Appellees accepted but did not pay for.

¶4     Appellees then filed a motion for summary judgment, asserting three grounds for relief: first, that the four-year statute

of limitation barred Thompson's fraudulent transfer claim; second, that the claim-preclusion branch of the doctrine of res judicata barred Thompson's unjust enrichment claim; and third, that Thompson's unjust enrichment claim lacked support in Utah law. Appellees also filed a motion seeking sanctions against Thompson and Thompson's attorney pursuant to rule 11 of the Utah Rules of Civil Procedure on the ground that the complaint was "devoid of factual or legal merit."

¶5     The court stayed the rule 11 motion and allowed discovery to go forward. Thompson served interrogatories on Appellees seeking, among other things, a description of any asset Wardley Corporation had disposed of since the filing of Thompson's original lawsuit in 1999. In their responses to the interrogatories, Appellees failed to affirmatively disclose a key fact: an assignment from Wardley Corporation to Lynn Wardley in which the Wardley Corporation transferred certain assets to Lynn Wardley in 2005. The Assignment states, "Assignor hereby assigns to Assignee all of Assignor's right, title, and interest in and to the proceeds of any recovery obtained in connection with the Gilbert Lawsuit . . . ." At the time of the assignment, the Gilbert lawsuit was pending. If Wardley Corporation succeeded in the lawsuit, the judgment was likely to exceed $400,000.

¶6     In November 2008 the court granted Appellees' motion for summary judgment. It ruled (1) that Thompson had failed to "timely or properly file any opposition memorandum"; (2) that Thompson's "claim for fraudulent transfer [was] barred by the four year and/or one-year from discovery limitation periods contained in Utah Code Ann. § 25-6-10(1)"; and (3) that Thompson's "unjust enrichment claim [was] barred by the claim preclusion branch of the doctrine of res judicata." The court also granted rule 11 sanctions against Thompson and her counsel.

¶7     In August 2009 Thompson filed a petition to place Wardley Corporation in involuntary bankruptcy. The petition was dismissed soon thereafter. In 2013 Wardley Corporation settled the Gilbert lawsuit for $350,000. As a result of Wardley

Corporation's receipt of the Gilbert settlement funds, Thompson reopened the bankruptcy case. The bankruptcy trustee negotiated a settlement with Wardley Corporation for $190,000. As a consequence, Thompson received approximately 90% of the amount of her proof of claim.

¶8      In the course of the bankruptcy proceedings, Thompson discovered the 2005 assignment and bank accounts associated with Lynn Wardley and Tramp.[2] In March 2013, after learning of the assignment, Thompson filed a "Motion for Reconsideration" pursuant to rule 60(b) of the Utah Rules of Civil Procedure. Thompson filed the motion nearly four and a half years after entry of summary judgment and four years after entry of the sanctions order. Thompson sought to set aside the summary judgment dismissing her claims in the Judge Medley case and to set aside the sanction order entered against her and her counsel. Thompson asserted that "Lynn Wardley and Kenneth Tramp, along with their counsel, John T. Anderson, made false representations and serious omissions in order to obtain summary judgment and sanctions against Ms. Thompson and Mr. Findlay and intentionally perpetuated a fraud upon the court and Ms. Thompson in their attempts to hinder, delay, and defraud Ms. Thompson."

¶9      The district court denied the motion on the ground that it was untimely. The district court also denied Thompson's motion for sanctions against Appellees and their counsel on the ground that, having dismissed the rule 60(b) motion as untimely, it

---

2. KeyBank produced documentation of bank accounts belonging to Wardley Properties, a company also owned by Lynn Wardley and Tramp. Documentation shows a wire transfer of $73,683.71 from Wardley Properties to Anderson's Anderson & Karrenberg trust account. Judge Peuler concluded that the transfer was not improper because Wardley Corporation successfully verified that the funds did not belong to it.

lacked jurisdiction to impose sanctions. Thompson appeals from that order.

ISSUES AND STANDARDS OF REVIEW

¶10    Thompson raises three claims on appeal.[3] First, Thompson contends that the district court erroneously denied her rule 60(b) motion as untimely. A "district court has broad discretion in ruling on a motion to set aside an order or judgment under rule 60(b), and [t]hus, we review a district court's denial of a 60(b) motion under an abuse of discretion standard." *Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 60, ¶ 11, 342 P.3d 779 (alteration in original) (citation and internal quotation marks omitted).

¶11    Second, Thompson contends that the district court erroneously ruled that it lacked jurisdiction to impose sanctions on Appellees. "Challenges to subject matter jurisdiction present questions of law, which we . . . review for correctness." *State v. Young*, 2014 UT 34, ¶ 5, 337 P.3d 227 (omission in original) (citation and internal quotation marks omitted).

¶12    Finally, Thompson contends that the district court erred by failing to determine on summary judgment that Lynn Wardley and Tramp used Wardley Corporation as an alter ego. "An appellate court reviews a [lower] court's legal conclusions and ultimate grant or denial of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted).

---

3. Thompson divides her appeal into four claims, but we combine two of those claims into a single claim for ease of analysis.

ANALYSIS

I. Rule 60(b) Motion

¶13 Thompson first contends that the district court improperly characterized her rule 60(b)(6) motion as a rule 60(b)(3) motion. The characterization matters because her rule 60(b)(3) motion needed to be filed within three months after entry of judgment.[4] Thompson contends that her rule 60(b) motion should have been characterized as a rule 60(b)(6) motion because "the material facts support that the exceptional circumstances of this case are significantly more than mere fraud, misrepresentation, and/or misconduct." A district court's determination that a motion falls into a particular subparagraph of rule 60(b)(6) is a conclusion of law reviewed for correctness. *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 385 (Utah Ct. App. 1991).

---

4. The time limit under the current rule is 90 days. In 2014 the time limit for subparagraphs (1) through (3) of rule 60(b) changed from "3 months" to the current "90 days." *Compare* Utah R. Civ. P. 60(b) (2013) ("The motion shall be made within a reasonable time and for reasons (1), (2), or (3), not more than 3 months after the judgment, order, or proceeding was entered or taken."), *with id.* (2015) ("The motion shall be made within a reasonable time and for reasons (1), (2), or (3), not more than 90 days after the judgment, order, or proceeding was entered or taken."). The 2016 version of rule 60(b) was restyled, but retained the 90-day limit for subparagraphs (1) through (3); the time limit was moved to subsection (c). *Id.* R. 60(c) (2016) ("A motion under paragraph (b) must be filed within a reasonable time and for reasons in paragraph (b)(1), (2), or (3), not more than 90 days after entry of the judgment or order . . . ."). In this opinion, we cite the version in effect at the time the motion was filed.

¶14    Rule 60(b) lists various grounds on which the court may relieve a party from a final judgment or order:

> On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or [its] legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether [previously called] intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Utah R. Civ. P. 60(b) (2014). A motion under rule 60(b) must be filed within a reasonable time, and a motion based on the reasons stated in subparagraphs (1), (2), or (3) needed to be filed not more than three months after entry of the judgment. *Id. See supra* note 4. If subparagraph (3) applies, a movant may not attempt to avoid the time limit by relying upon subparagraph (6). *See St. Pierre v. Edmonds*, 645 P.2d 615, 617–18 (Utah 1982) ("Rule 60(b) authorizes the trial court, on motion, to relieve a party from a final judgment or a decree procured by fraud . . . but only if the motion is made within three months after the judgment.").

¶15    As "the residuary clause of rule 60(b)," subparagraph (6) comprises three requirements: "First, that the reason be one *other* than those listed in sub[paragraph] (1) through ([5]); second, that

the reason justify relief; and third, that the motion be made within a reasonable time." *Laub v. South Central Utah Tel. Ass'n*, 657 P.2d 1304, 1306–07 (Utah 1982). Rule 60(b)(6) "should be very cautiously and sparingly invoked by the Court only in unusual and exceptional circumstances." *Id.* at 1307–08 (citation and internal quotation marks omitted). And "a movant may not attempt to circumvent the three-month filing period by relying on another subsection." *Menzies v. Galetka*, 2006 UT 81, ¶ 65, 150 P.3d 480.

¶16   Thompson filed her rule 60(b) motion more than four years after entry of judgment. Accordingly, it matters whether the motion is classed as one for relief based on fraud, misrepresentation, or other misconduct under subparagraph (3) or as one for relief based on "any other reason" under subparagraph (6). *See* Utah R. Civ. P. 60(b). The district court ruled that Thompson's motion was based on the reasons stated in subparagraph (3) and was, accordingly, time-barred.

¶17   Thompson contends that because "more than mere fraud, misrepresentation, and/or misconduct" occurred in the Judge Medley case, her motion properly rests on subparagraph (6), not subparagraph (3). She argues that Appellees intentionally obtained a summary judgment and a sanctions order by failing to produce discovery, intentionally kept Thompson in the dark about the assets of Wardley Corporation, and falsely represented that Wardley Corporation bank accounts belonged to other people or entities—in short, that Appellees intentionally and maliciously acted in an egregious and reprehensible manner to interfere with the administration of justice. This fraud, she alleges, "is ongoing." But Thompson does not explain how the district court erred in ruling that these contentions allege fraud, misrepresentation, or other misconduct of an opposing party and thus fall within the purview of subparagraph (3). Instead, she argues that Appellees' actions amount to an "exceptional circumstance" justifying relief under subparagraph (6). "Rule 60(b)(6) is designed to remedy a judgment when exceptional circumstances are present." *Menzies*, 2006 UT 81, ¶ 77.

¶18 Thompson's challenge cannot succeed on appeal because it ignores the structure of rule 60(b). As explained above, subparagraph (6) applies only to a rule 60(b) motion based on "any *other* reason that justifies relief," that is, a reason other than those listed in subparagraphs (1) through (5). *See* Utah R. Civ. P. 60(b)(6) (emphasis added). This rule prevents a movant from circumventing the time limit applicable to motions based on reasons listed in subparagraphs (1), (2), and (3) by repackaging the claim as one under subparagraph (6). *Menzies*, 2006 UT 81, ¶ 65. Here, the district court in effect ruled that Thompson's motion, though ostensibly based on subparagraph (6), was in substance merely a repackaged motion for relief under subparagraph (3). Because Thompson has failed to address the basis of the district court's ruling, we reject this challenge. *See Golden Meadows Props., LC v. Strand*, 2010 UT App 257, ¶ 17, 241 P.3d 375.

¶19 *Menzies* would not control here in any event. Thompson relies on *Menzies* for the principle that "relief under 60(b)(6) may . . . be sought where a lawyer's performance is grossly negligent," 2006 UT 81, ¶ 101 and that "a client should not be held liable for the attorney's actions where those actions are grossly negligent." *Id.* ¶ 104. Thompson asserts that Anderson's "acts and omissions were just as, if not more so, egregious than that of Menzies' legal counsel." But subsequent Utah Supreme Court cases "have essentially limited *Menzies* to its facts." *Honie v. State*, 2014 UT 19, ¶ 91, 342 P.3d 182.

¶20 Those facts are striking. Unlike the summary judgment Thompson faced, Menzies was facing a death sentence. *See Menzies*, 2006 UT 81, ¶ 4. In addition, Menzies' complaints were against his own counsel, not opposing counsel. Menzies' counsel "virtually abandoned his client" and misled Menzies about the procedural posture of the case, "the result being that Menzies was not fully aware of [his attorney's] failures until years after they occurred." *Id.* ¶ 105 (citation and internal quotation marks omitted). Under these circumstances, the court determined that Menzies' rule 60(b) motion was filed "within a reasonable time,"

even though "it was not supported until sixteen months" after it was filed, because the motion was initially filed within the three-month limitation period and the subsequent delay for supporting the motion "was due to [his counsel's] deficient representation." *Id*. ¶ 69. Here, Thompson has offered no reason for her delay other than her characterization of Wardley's litigation tactics. She filed her rule 60(b) motion on March 26, 2013, nearly four and a half years after summary judgment was entered (November 13, 2008) and four years after the sanction order (March 23, 2009). In short, "[t]he facts before us bear little resemblance to those in *Menzies*." *See Crane-Jenkins v. Mikarose, LLC*, 2015 UT App 270, ¶ 21, 374 P.3d 1024.

¶21    We conclude that Thompson has not shown that the district court erred in ruling that her allegations rest on the grounds stated in subparagraph (3) of rule 60(b). Therefore, subparagraph (3)'s time limit applies. Thompson filed her rule 60(b) motion nearly four and a half years after the summary judgment order and four years after the sanction order. Therefore, the district court properly dismissed her rule 60(b) motion as untimely.[5]

## II. Sanctions

¶22    Thompson next contends that the district court erred in denying her motion for sanctions against Wardley Corporation, Lynn Wardley, Tramp, and Anderson. Her motion rested on the

---

5. While Thompson cannot pursue her claims under rule 60(b), that rule by its terms "does not limit the power of the court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court." Utah R. Civ. P. 60(b); *see also St. Pierre v. Edmonds*, 645 P.2d 615, 617–19 (Utah 1982). We express no opinion on whether her claims would support an independent action for relief from judgment.

Appellees' conduct in the underlying case, chiefly for flouting discovery rules.

¶23   When a court dismisses a rule 60(b) motion as untimely, the court "lack[s] jurisdiction to consider the merits of the motion." *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 387 (Utah Ct. App. 1991). Here, the district court did not abuse its discretion in dismissing Thompson's motion as untimely; accordingly, it lacked jurisdiction to consider the merits of that motion.

¶24   Thompson's motion did not seek sanctions for appellees' conduct in the rule 60(b) proceedings, but for appellees' conduct in the underlying litigation. But that litigation had ended in a final judgment entered over four years earlier. The means of seeking relief from a final judgment is a motion for relief of judgment under rule 60(b), not a motion for sanctions. Having denied her request for relief from judgment under rule 60(b) as untimely, the court lacked jurisdiction to add to or subtract from the judgment. Therefore, the court properly denied Thompson's motion for sanctions against Appellees.

### III. Alter ego

¶25   Finally, Thompson contends that the district court erroneously failed to determine that Appellees used Wardley Corporation as an alter ego. As discussed above, the district court lacked jurisdiction to consider the merits of the issues. Accordingly, it properly declined to adjudicate the alter ego question.

### CONCLUSION

¶26   For the foregoing reasons, the judgment of the district court is affirmed. We award no attorney fees on appeal.

———————